OPINION
On January 10, 1996, appellant Kathy Forbus and appellee Jodene N. Davis were involved in a traffic accident on Portage Street in Jackson Township. Appellee was cited for failing to maintain an assured clear distance, pursuant to R.C. 4511.21. Appellee signed the citation, and mailed the citation and waiver to the Massillon Municipal Court. Appellants filed the instant case alleging that appellee negligently operated a motor vehicle, striking the rear of the vehicle which appellant Kathy Forbus was operating. Appellee filed a motion in limine to exclude evidence of her traffic citation. The court sustained the motion. The matter proceeded to jury trial in the Stark County Common Pleas Court. Following trial, the jury returned a verdict in favor of appellee. Subsequently, appellant filed a motion for judgment notwithstanding the verdict, or in the alternative, a motion for new trial, alleging error in the court's refusal to allow evidence of the traffic citation. The court overruled both motions. Appellant assigns two errors on appeal:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NUMBER 1 THE TRIAL COURT ERRED IN REFUSING TO ADMIT EVIDENCE OF THE CONVICTION OF DEFENDANT ON A RELATED TRAFFIC OFFENSE.
 ASSIGNMENT OF ERROR NUMBER 2 THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO PERMIT EVIDENCE OF DEFENDANT'S PRIOR TRAFFIC CONVICTION.
We address both assignments of error together, as appellant claims in both assignments of error that the court erred in excluding evidence of the traffic citation issue to appellee. It is well settled that a decision in limine is interlocutory, and in anticipation of the court's ruling during trial. E.g., McCabe/Marra Co. v. Dover (1995), 100 Ohio App.3d 139, 160. A grant or denial of a motion in limine does not preserve error for appellate review. State v. Hill (1996), 75 Ohio St.3d 195,202-203, cert denied (1996), 519 U.S. 895. In order to preserve the matter for appeal, the parties must renew their motions or objections at the appropriate time during trial. State v. Brown (1988), 38 Ohio St.3d 305, paragraph three of the syllabus, cert denied (1989), 489 U.S. 1040. If a trial court grants a motion in limine, the party dissatisfied with that ruling is nevertheless required to attempt to introduce the challenged evidence at the trial in order to preserve any error for review. State v. Walker (December 9, 1996), Stark App. No. 1995CA00405, unreported. In the instant case, following the court's ruling granting appellee's motion in limine, appellant made no attempt at trial to admit evidence of the traffic citation. In fact, plaintiff's Exhibit Four, a copy of the crash report from the Ohio State Highway Patrol, had the citation excised from the report. Having failed to attempt to seek admission of the evidence during trial, appellant has waived any error. In any event, the evidence is clearly inadmissible in the instant case. Evid.R. 410 (A)(3) provides that evidence of a plea of guilty in a violations bureau is not admissible in any civil or criminal proceeding against the defendant who made the plea. Traffic Rule 13 (D) provides that remittance by mail of a fine and costs to the traffic violations bureau constitutes a guilty plea. Therefore, evidence that appellant signed the citation and mailed payment for the ticket to Massillon Municipal Court would not have been admissible in the civil trial. The first and second assignments of error are overruled. The judgment of the Stark County Common Pleas Court is affirmed.